UNITED STATES DISCTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TERENCE W. OCHS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 13 C 3098 |
| v. | ) | |
| | ) | Chief Judge Ruben Castillo |
| NICHOLAS C. HINDMAN, SR., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Terence W. Ochs ("Plaintiff") brings this one-count diversity action against Nicholas C. Hindman, Sr. ("Defendant") alleging breach of a promissory note (the "Note"). Presently before the Court are Defendant's motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(7) and Plaintiff's motion for sanctions. For the reasons set forth below, Defendant's motion to dismiss is denied, and Plaintiff's motion for sanctions is denied.

### RELEVANT FACTS

Plaintiff is a citizen of Wisconsin. (R. 14, Am. Compl. ¶ 1.) Defendant is a citizen of Illinois and the president of Infratel Communications Corporation ("Infratel"). (*Id.*; R. 14-1, Ex. A, Note at 3.) On July 1, 2010, Plaintiff executed the Note with Infratel and Defendant. (R. 14, Am. Compl. ¶ 7.) In the Note, Infratel, as maker, and Defendant, as guarantor, promise to pay Plaintiff $200,000.00 plus interest in consideration for a loan of the same amount made by Plaintiff to Infratel. (*Id.*) Defendant signed the Note on behalf of Infratel, as President, and in his individual capacity as the guarantor of Infratel's promise. (*Id.*; R. 14-1, Ex. A, Note at 3.)

The Note does not contain a specific maturity date; instead, the terms of the Note state that "[i]f the Lender desires repayment in full or in part of the principal sum, Lender shall give

the Maker 90 days notice of such repayment." (R. 14-1, Ex. A, Note at 1.) If an "event of default" occurred, however, the Note provides that all amounts owed on the Note would become "due and payable forthwith" and Plaintiff was not required to provide notice. (*Id.*) The Note defines an "event of default" as when (1) Infratel failed to pay the loan plus all accrued interest pursuant to the terms of the Note; (2) there was a change of control of more than 50% of Infratel's voting stock; (3) Infratel dissolved, became insolvent, or ceased to exist; (4) a material portion of Infratel's assets was transferred, sold, or assigned to a third party; or (5) there was an assignment of assets to the benefit of creditors or an initiation by or against Infratel of any bankruptcy proceedings. (*Id.*) Infratel became insolvent and was involuntarily dissolved on October 14, 2011. (R. 14, Am. Compl. ¶ 8.) Neither Infratel nor Defendant has paid any principal amount or interest on the Note. (*Id.* ¶ 11.)

## PROCEDURAL HISTORY

Plaintiff filed his complaint on April 24, 2013, alleging a breach of the Note. (R. 1, Compl.) He only named Defendant in his claim for the principal and interest, and he did not bring suit against Infratel. (*Id.*) Defendant, proceeding *pro se*,[1] filed his first motion to dismiss on May 20, 2013, (R. 10, Def.'s First Mot. Dismiss), and Plaintiff filed an amended complaint on June 10, 2013, (R. 14, Am. Compl.). Defendant filed a second motion to dismiss on July 2, 2013, alleging failure to state a claim pursuant to Rule 12(b)(6) and failure to join a necessary party pursuant to Rule 12(b)(7). (R. 16, Def.'s Second Mot. Dismiss.) Plaintiff responded on August 1, 2013, (R. 18, Pl.'s Mem.), and also filed a motion for sanctions against Defendant on August 6, 2013, (R. 19, Pl.'s Mot. Sanctions). Defendant replied to Plaintiff's memorandum in

---

[1] The Court liberally construes Defendant's arguments due to the fact that he is proceeding *pro se*. *See Philos Techs., Inc. v. Philos & D, Inc.*, 645 F.3d 851, 858 (7th Cir. 2011) ("It has long been established that *pro se* filings are held to less stringent standards than formal pleadings drafted by lawyers, with the primary goal being to give *pro se* filings fair and meaningful consideration.") (internal citations and quotation marks omitted).

2

opposition to his motion to dismiss and responded to Plaintiff's motion for sanctions on September 5, 2013. (R. 23, Def.'s Reply; R. 22, Def.'s Resp. Mot. Sanctions.) Defendant's motion to dismiss and Plaintiff's motion for sanctions are presently before the Court.

## LEGAL STANDARDS

A motion under Rule 12(b)(7) seeks dismissal based on the failure to join a necessary party as required by Federal Rule of Civil Procedure 19. Fed. R. Civ. P. 12(b)(7). A Rule 12(b)(7) motion to dismiss requires the court to accept the allegations in the complaint as true, but the court may consider extrinsic evidence beyond the pleadings. *Davis Cos. v. Emerald Casino, Inc.*, 268 F.3d 477, 480 n.4 (7th Cir. 2001). On a Rule 12(b)(7) motion, the movant bears the burden of demonstrating that the absent party is a necessary and indispensable party that must be joined. *NanoeXa Corp. v. Univ. of Chi.*, No. 10 C 7177, 2011 WL 4729797, at *1 (N.D. Ill. Apr. 13, 2011); *see Ploog v. HomeSide Lending, Inc.*, 209 F. Supp. 2d 863, 873 (N.D. Ill. 2002).

The purpose of a Rule 12(b)(6) motion to dismiss is to test the sufficiency of the complaint, not to resolve the case on the merits. *Autry v. Nw. Premium Servs.*, 144 F.3d 1037, 1039 (7th Cir. 1998). A plaintiff must plead "only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008) (internal quotation marks omitted). In evaluating a motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In order to survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Co. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially

plausible when the facts alleged allow the Court to draw a reasonable inference that the defendant is liable for the alleged wrong. *Iqbal*, 556 U.S. at 678. In other words, "the court will ask itself *could* these things have happened, not *did* they happen." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

Generally, when ruling on a Rule 12(b)(6) motion to dismiss, the Court may only consider the plaintiff's complaint. *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002). Rule 10(c) of the Federal Rules of Civil Procedure, however, provides that "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). The Seventh Circuit has held that "this rule includes a limited class of attachments to Rule 12(b)(6) motions." *Rosenblum*, 299 F.3d at 661. Specifically, "documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." *Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994). Because the promissory note was attached to Plaintiff's first amended complaint, and is central to Plaintiff's claim and referred to extensively in the complaint, the Court will consider the Note in ruling on Defendant's Rule 12(b)(6) motion.

## ANALYSIS

### I. Whether Infratel is a necessary party under Rule 19

Defendant argues that this suit should be dismissed pursuant to Rule 12(b)(7) because Plaintiff failed to join Infratel as a party, in violation of Rule 19. (R. 16, Def.'s Second Mot. Dismiss ¶¶ 8, 17.) The purpose of Rule 19 is to "permit joinder of all materially interested parties to a single lawsuit so as to protect interested parties and avoid waste of judicial resources." *Askew v. Sheriff of Cook Cnty.*, 568 F.3d 632, 634 (7th Cir. 2009) (quoting *Moore v. Ashland Oil, Inc.*, 901 F.2d 1445, 1447 (7th Cir. 1990)). To evaluate a Rule 12(b)(7) motion, the

4

Court must engage in a two-step inquiry. First, the Court must determine whether a party is necessary under Rule 19(a). *Thomas v. United States*, 189 F.3d 662, 667 (7th Cir. 1999). A person is a necessary party if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). If absent parties meet this criteria, "the court must order that the person be made a party." Fed. R. Civ. P. 19(a)(2).

Second, if a person is necessary under Rule 19(a) but cannot be joined, the Court must determine "whether, in equity and good conscience, the action must proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). Rule 19(b) lists a number of factors the Court should consider in making this determination, "with an emphasis on practical measures that will allow either the entire suit or part of it to go forward." *Askew*, 568 F.3d at 635. If the Court finds that "there is no way to structure a judgment in the absence of the party that will protect both the party's own rights and the rights of the existing litigants, the unavailable party is regarded as 'indispensable' and the action is subject to dismissal upon proper motion under Federal Rule of Civil Procedure 12(b)(7)." *Thomas*, 189 F.3d at 667. Dismissal, however, is not the preferred outcome, particularly where the plaintiff would be deprived of a forum in which to bring his claim. *Askew*, 568 F.3d at 634.

## A.    Whether complete relief may be accorded among the existing parties

To determine whether Infratel is a necessary party, the Court first considers whether complete relief may be accorded among the existing parties without joinder. Fed. R. Civ. P.

5

19(a)(1)(A); *Thomas*, 189 F.3d at 667. "The term complete relief refers only to relief between the persons already parties, and not as between a party and the absent person whose joinder is sought." *Perrian v. O'Grady*, 958 F.2d 192, 196 (7th Cir. 1992) (quoting *Arkwright-Boston Mfrs. Mut. Ins. Co. v. City of New York*, 762 F.2d 205, 209 (2d Cir. 1985)) (internal quotation marks omitted). Defendant argues that Infratel must "be called upon first to make payment on the Note" and is consequently a necessary party. (R. 16, Def.'s Second Mot. Dismiss ¶¶ 3, 8.) Defendant further argues that Infratel's insolvency does not shield it from suit. (*Id.* ¶¶ 9-12.) While insolvency does not release Infratel from liability, 805 Ill. Comp. Stat. 5/12.80, it does not necessarily follow that Infratel is a necessary party to this suit pursuant to Rule 19(a). Illinois law allows a lender to sue the absolute guarantor of a loan without naming the maker in the suit. *Boulevard Bank Nat'l Ass'n v. Philips Med. Sys. Int'l B.V.*, 15 F.3d 1419, 1423 (7th Cir. 1994) (concluding that "[u]nder Illinois law, a lender holding a guaranty of payment may sue a guarantor directly, without naming the borrower"); *Lawndale Steel Co. v. Appel*, 423 N.Ed.2d 957, 960 (Ill. App. Ct. 2d. Dist. 1981) (finding that a creditor can sue an absolute guarantor without first attempting collection from the debtor because an absolute guarantor "is liable immediately upon default of the principal, without notice"). But, a lender may not sue a conditional guarantor without suing the maker first. *Beebe v. Kirkpatrick*, 152 N.E. 539, 540-41 (Ill. 1926). Hence, in order to determine whether Infratel is a necessary party, the Court must first determine whether the guaranty within the Note is conditional or absolute.

The particular contract before the Court presents a rare set of circumstances: the Note names Defendant as guarantor, (*see* R. 14-1, Ex. A, Note at 1, 3), but neither party attaches or refers to a physically distinct guaranty contract. While such a contractual arrangement is less common than a separate guaranty, Illinois case law establishes that a promissory note that names

a guarantor constitutes a valid and enforceable guaranty. *See, e.g., Beebe*, 152 N.E. at 540-41 (finding the words "I hereby guarantee this loan," indorsed on a promissory note, sufficient to constitute an absolute guaranty); *see also Dillman v. Nadelhoffer*, 45 N.E. 680, 681 (Ill. 1896) (assuming that indorsements of a promissory note as guarantors was valid); *Newlan v. Harrington*, 24 Ill. 206, 207 (1860) (same); *Fin. Mgmt. Servs., Inc. v. Sibilsky & Sibilsky, Inc.*, 474 N.E.2d 1297, 1302 (Ill. App. Ct. 1st Dist. 1985) (same). More recently, courts in other states have also found that indorsing a promissory note as a guarantor creates a valid guaranty. *See, e.g., Roach v. C.L. Wigington Enters., Inc.*, 539 S.E.2d 543, 544-45 (Ga. Ct. App. 2000) (finding that a signed "guaranty of payment" on the second page of the promissory note constituted a valid guaranty); *see generally White Rose Food v. Saleh*, 99 N.Y.2d 589, 591-92 (N.Y. 2003) (affirming the enforcement of a guaranty that was integrated into a promissory note); *W. Point Corp. v. New N. Miss. Fed. Sav. & Loan Ass'n*, 506 So. 2d 241, 246 (Miss. 1986) (concluding that a guaranty within the note it guaranteed was valid). Consequently, the Note constitutes a valid contract guaranteeing payment of the loan and operates in the same manner as a separately executed guaranty. In any case, Defendant's arguments assume that the Note creates a valid guaranty. (See R. 16, Def.'s Second Mot. Dismiss ¶¶ 2, 3, 5; R. 23, Def.'s Reply ¶¶ 16, 29, 30.)

The focus of the Court's inquiry into the substance of the guaranty is whether the guaranty created in the Note is conditional or absolute. Where a contract guarantees *collection*, the guaranty is conditional. *Beebe*, 152 N.E. at 540-41 ("A contract guaranteeing the collection of a note or debt is conditional in its character, and the guarantor thereby undertakes to pay the debt upon condition that the owner thereof shall make use of the ordinary legal means to collect it from the debtor with diligence but without avail."). Where a contract guarantees *payment*, however, it is absolute. *Id.* at 541 ("A contract guaranteeing the payment of a note or a debt is an

absolute contract, and by it the guarantor undertakes, for a valuable consideration, to pay the debt

at maturity if the principal debtor fails to do so, and upon it, if the debt is not paid at maturity, the

guarantor may be sued at once."). Defendant argues that the Note created a conditional guaranty,

which is distinguishable from the absolute guaranty in *Boulevard Bank*, and therefore Plaintiff's

reliance on *Boulevard Bank* to support his argument that joinder is unnecessary is misplaced. (R.

23, Def.'s Reply ¶¶ 29-30.) Defendant points to language in the Note that contains promises

made by the maker and does not mention the guarantor. (R. 16, Def.'s Second Mot. Dismiss ¶

3.) The pertinent part of the Note for the Court's determination of whether Defendant's guaranty

is absolute or conditional reads as follows:

> Infratel Communications Corporation ("Maker"), and Nicholas C. Hindman, Sr.
> (Guarantor), promises to pay to the order of Terence W. Ochs, an individual
> ("Lender") . . . the principal sum of two hundred thousand AND NO/100
> DOLLARS ($200,000) (the "Loan").

(R. 14-1, Ex. A, Note at 1.) Because the written guaranty concerns payment and makes no

mention of collection, the language of the Note indicates that Defendant's guaranty is absolute.

*See TH Davidson & Co. v. Eidola Concrete, LLC*, 972 N.E.2d 823, 825 (Ill. App. Ct. 3d Dist.

2012) (concluding that, absent any ambiguity, the court must give effect to the plain meaning of

the language of the guaranty). Therefore, the Court concludes that the guaranty within the Note

constitutes an absolute guaranty, and thus Defendant became coextensively liable for the debt

owed by Infratel immediately upon default. *See Beebe*, 152 N.E. at 541; *Lawndale Steel*, 423

N.Ed.2d at 960. Accordingly, it is well established under Illinois law that complete relief may be

rendered strictly by Defendant without requiring joinder of Infratel. *Bouelvard Bank*, 15 F.3d at

1423.

**B.    Whether Infratel's ability to protect its interest in the subject matter of the suit will be impaired**

Defendant may still be able to show that Infratel is a necessary party, however, if Infratel

has an interest in the subject matter of this action that may be impaired or impeded by its

absence. Fed. R. Civ. P. 19(a)(1)(B)(i); *Thomas*, 189 F.3d at 667. While the guaranty in the

instant case is integrated into the Note, the guaranty nevertheless remains a distinct contract from

the underlying contract. *See Armbrister v. Pushpin Holdings, LLC*, 896 F. Supp. 2d 746, 755

(N.D. Ill. 2012) ("Guarantees involve duties and impose responsibilities very different from

those created by the original contract to which it is collateral. The fact that both contracts are

written on the same paper or instrument does not affect their separate nature.") (quoting *Colonial*

*Am. Nat'l Bank v. Kosnoski*, 617 F.2d 1025, 1030-31 (4th Cir. 1980)); *Beebe*, 152 N.E. 539 at

541 (a distinct agreement is created in a guaranty even when the guaranty was not separately

executed from a promissory note). The contractual relationship at issue in this suit is the one

between the guarantor, Defendant, and the creditor, Plaintiff. As such, Infratel does not have an

interest in this suit. In addition, Infratel has not claimed to have an interest in this suit, which is a

requirement for joinder under Rule 19(a)(1)(B)(i). *Davis Cos.*, 268 F.3d at 483-84 (finding that

"it is the absent party that typically must claim such an interest" and holding that joinder was

unnecessary where the absent party denied any interest relating to the subject matter of the

lawsuit); *Morgan Guar. Trust Co. of N.Y. v. Martin*, 466 F.2d 593, 597-98 (7th Cir. 1972)

(joinder not required where absent investment broker "never indicated any interest" in the money

that was the subject of the contract dispute). Because Infratel has claimed no interest that may be

impaired or impeded by its absence from this suit, it is not a necessary party under Rule

19(a)(1)(B)(i).

## C. Whether any existing parties might be subjected to double, multiple, or inconsistent obligations

Finally, Infratel may be a necessary party if its exclusion from the present suit would lead to double, multiple, or otherwise inconsistent obligations for either Defendant or Plaintiff. Fed. R. Civ. P. 19(a)(1)(B)(ii). The Court must determine if proceeding without Infratel would impact either party's ability to comply with a court order, but the inquiry is not concerned with the risk of subsequent litigation. *Pasco Int'l (London) Ltd. v. Stenography Corp.*, 637 F.2d 496, 505 (7th Cir. 1980). For example, a court in this District found a party necessary under Rule 19(a)(1)(B)(ii) where there was a substantial risk of conflicting judgments as to which competing union an employer should retain because it would be impossible for the employer to comply with one judgment without violating another. *Teamster Local Union No. 714 v. GES Exposition Servs., Inc.*, 494 F. Supp. 2d 970, 974 (N.D. Ill. 2007). Defendant does not suggest that he might be subject to multiple liability if Infratel is not joined as a party, and the Court cannot imagine a situation in which he would.

Defendant has failed to meet his burden of demonstrating that Infratel is a necessary party under Rule 19(a). Complete relief can be afforded without joinder of Infratel, and its presence is not necessary to protect its own interests or to protect the parties from multiple liability. The Court thus holds that Infratel is not a necessary party and its joinder is not required under Rule 19. Consequently, the Court declines to dismiss Plaintiff's amended complaint pursuant to Rule 12(b)(7).

## II. Whether Plaintiff has failed to state a claim

Defendant argues that this suit should be dismissed for failure to state a claim pursuant to Rule 12(b)(6) because Plaintiff has alleged facts and attached an exhibit showing that he is not entitled to relief from Defendant. (R. 16, Def.'s Second Mot. Dismiss ¶ 4.) Specifically,

Defendant contends that Plaintiff was required to seek payment from Infratel before him and to provide notice before seeking payment, but Plaintiff failed to do either. (*Id.* ¶¶ 3, 6.) The Court addresses each argument in turn.

Defendant contends that he is not liable for the principal, interest, or other costs of collection under the Note because he is listed as the guarantor, rather than the maker. (*Id.* ¶ 3.) Under Illinois law, a guaranty is a "third party's promise to answer for payment on or fulfill an obligation if the person primarily liable fails to perform." *Dynegy Mktg. & Trade v. Multiut Corp.*, 648 F.3d 506, 519-20 (7th Cir. 2011) (quoting *Panno v. Nicolau*, 529 N.E.2d 95, 98 (Ill. App. Ct. 4th Dist. 1988). As previously discussed, Defendant's signature as guarantor on the Note constitutes a valid and absolute guaranty. *See Beebe*, 152 N.E. at 540-41; *Peterson v. Swanson*, 259 Ill. App. 80, 85 (Il. App. Ct. 1st Dist. 1930). A guarantor's liability is triggered "by a default of the debtor on the obligation the debtor owes to the creditor." *Int'l Supply Co. v. Campbell*, 907 N.E.2d 478, 485 (Ill. App. Ct. 3d Dist. 2009). When the guaranty is absolute, the lender may choose to demand payment from either the debtor or the guarantor upon the debtor's default. *See Boulevard Bank*, 15 F.3d at 1423 (citing *Weger v. Robinson Nash Motor Co.*, 172 N.E. 7, 11 (Ill. 1930)). Here, it is undisputed that Defendant signed the Note in his individual capacity as guarantor. (R. 14-1, Ex. A, Note at 3; R. 16, Def.'s Second Mot. Dismiss ¶ 2; R. 18, Pl.'s Mem. at 1.) Plaintiff has sufficiently pleaded facts that, if true, establish that Infratel defaulted and that Defendant is coextensively liable for the payment owed. Consequently, the Court finds that Plaintiff has not failed to state a claim based on Defendant's role as guarantor.

Defendant also argues that Plaintiff failed to provide notice to him that payment on the Note was due, as required by the Note. (R. 16, Def.'s Second Mot. Dismiss ¶ 6.) Defendant thus

argues that Plaintiff has "forfeited any claim against [Defendant] as guarantor." (*Id.*) The Note clearly states that:

> Upon occurrence of an Event of Default, at Lender's option, without notice by Lender to or demand by Lender of Maker: (i) all amounts due and owing from Maker to Lender under this Note shall be due and payable forthwith, and (ii) Lender may exercise any one or more of the rights and remedies available at law or in equity upon default by a debtor.

(R. 14-1, Ex. A, Note at 1.) Thus, the express terms of the Note suspend the 90-day notice requirement in the event of default and allow Plaintiff to demand immediate payment upon default. (*Id.*) Defendant argues that the language of the Note demonstrates that the maker, not the guarantor, waived all notices and requirements of diligence in enforcing payment of the loan. (R. 16, Def.'s Second Mot. Dismiss ¶ 3(f).) However, as previously discussed, the responsibilities of the guarantor and the maker are coextensive due to the nature of the guaranty. *Boulevard Bank*, 15 F.3d at 1423. Thus, the plain language of the Note does not support Defendant's argument that Plaintiff forfeited any claim against him. Consequently, the Court declines to dismiss Plaintiff's complaint on the grounds of lack of notice.

In sum, Plaintiff has pleaded facts that allow the Court to draw a reasonable inference that he is entitled to relief from Defendant. *Twombly*, 550 U.S. at 556. Defendant's motion to dismiss for failure to state a claim upon which relief may be granted is therefore denied.

### III. Plaintiff's motion for sanctions

Plaintiff moves the Court for sanctions against Defendant pursuant to Federal Rule of Civil Procedure 11. Rule 11 sanctions may be imposed on a party for "making arguments or filing claims that are frivolous, legally unreasonable, without factual foundation, or asserted for an improper purpose." *Fries v. Helsper*, 146 F.3d 452, 458 (7th Cir. 1998). A frivolous argument or claim is one that is "baseless and made without a reasonable and competent

inquiry." *Id.* (quoting *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990)). The Court considers litigants' *pro se* status when determining whether arguments warrant sanctions, but the Court may impose sanctions on *pro se* litigants. *See Vukadinovich v. McCarthy*, 901 F.2d 1439, 1445 (7th Cir. 1990). "While the Rule 11 sanction serves an important purpose, it is a tool that must be used with utmost care and caution." *Harlyn Sales Corp. Profit Sharing Plan v. Kemper Fin. Servs., Inc.*, 9 F.3d 1263, 1269 (7th Cir. 1993) (quoting *FDIC v. Tekfen Constr. & Installation Co., Inc.*, 847 F.2d 440, 444 (7th Cir. 1988)). Plaintiff argues that Defendant filed a frivolous motion to dismiss as his arguments are "unsupported by either facts or the law, and were presented only to cause unnecessary delay and increase [Plaintiff's] costs of litigation." (R. 19, Pl.'s Mot. Sanctions at 3.) Plaintiff does not support his argument that Defendant's motion was frivolous with anything but conclusory allegations, and the Court has no basis on which to conclude that Defendant filed his motion for an improper purpose. Defendant appears to have endeavored to investigate the facts and research the law, even though he did not gain a firm understanding of the law. The Court finds that sanctions are not appropriate in this case, and therefore Plaintiff's motion for sanctions is denied.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the complaint pursuant to Rules 12(b)(6) and 12(b)(7) (R. 16) is DENIED and Plaintiff's motion for sanctions (R. 19) is DENIED. The parties are requested to fully exhaust all remaining settlement possibilities for this dispute prior to the next status date, which will be held in open court on December 17, 2013 at 9:45 AM.

ENTERED: _____
Chief Judge Ruben Castillo
United States District Court

Dated: November 25, 2013

14